Gilbert I. TURNER, Appellant,

v.

UNITED STATES, Appellee.

No. 82–498.

District of Columbia Court of Appeals.

Argued Jan. 6, 1983.

Decided April 6, 1983.

36. *See* text, *supra,* at 1049.

Ruth R. Banks, Washington, D.C., with whom Dovey J. Roundtree, Washington, D.C., was on the brief, for appellant.

Catherine R. Mack, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Michael W. Farrell and Edward D. Ross, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY * and PRYOR, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Appellant, Gilbert I. Turner, was charged with murder in the first-degree while armed, D.C.Code §§ 22–2401, –3202 (1973), felony murder, D.C.Code § 22–2401 (1973), attempted kidnapping while armed, D.C.Code §§ 22–103, –3202 (1973). Codefendant Sylvester Fitzpatrick was charged with the same offenses and the additional charge of carrying a pistol without a license, D.C. Code § 22–3204 (1973). The defendants were accused of attempting to rob or kidnap Charles Woodward and his companion, Carolyn Miller, and subsequently shooting and killing Woodward. A jury trial commenced before Judge Sylvia Bacon and on November 20, 1979, appellant was acquitted of all charges against him, except second-degree murder, a lesser-included offense of first-degree murder. As to that charge, the jury was unable to reach a verdict and the trial court declared a mistrial at the request of appellant's counsel. However, the jury had acquitted the defendant of second-degree murder as a lesser-included offense of felony murder. On March 2, 1982, the eve of the retrial, appellant filed a motion to dismiss the indictment raising for the first time the issue of double jeopardy. Appellant argued that because the jury at his first trial had acquitted him of second-degree murder as a lesser-included offense of felony murder, he could not be retried for the offense of second-degree murder as a

---

* Judge Kelly was an Associate Judge of the court at the time of argument. Her status changed to Associate Judge, Retired, on March 31, 1983.

lesser-included offense of first-degree murder. The judge to whom this case had been reassigned after the first trial denied appellant's motion in a Memorandum Order dated March 29, 1982. This appeal followed.

The judge held in his Memorandum Order that retrying appellant on second-degree murder as a lesser-included offense of premeditated murder did not constitute double jeopardy in this case because (1) appellant waived this right when he indicated his preference for submitting two charges of second-degree murder to the jury; and (2) since appellant was charged with two forms of first-degree murder arising out of the same killing, submitting the charge of second-degree murder as a lesser-included offense of felony murder, in addition to submitting second-degree murder as a lesser-included offense of premeditated murder, would be a nullity.

■ In regard to the trial court's finding that appellant waived his right to be protected against double jeopardy, a strong presumption exists against waiver of a constitutional right. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Whether an effective waiver, either express or implied, has occurred depends on all circumstances of the case. *Burke v. United States,* 103 A.2d 347, 353 (D.C.1954). The circumstances surrounding the alleged waiver included the following discussion:

> THE COURT: ... I would suggest to them that they must return a verdict as to each type of homicide in the first degree, but if their verdict was not guilty as to both types of homicide in the first degree, they would go on to murder II. That does pose some problems in this context.
>
> MS. ROUNDTREE (appellant's counsel): It does, Your Honor, and I would object to such an alignment of the instructions. I think it places then upon the jury the burden of trying to ferret out from such an instruction the intent in the one and to match the definition and particularly with respect to felony murder, to try and

straddle it with respect to some crime that has been proved in the context of the facts.

> THE COURT: The other alternative is to permit them to return a murder II if the verdict is not guilty on either form of murder I. Is that what you request?
>
> MR. ROSS (the prosecutor): I would prefer that approach, Your Honor.
>
> THE COURT: Is that satisfactory?
>
> MS. ROUNDTREE: But have them as alternative one and felony—if your verdict is not guilty as to murder I premeditated, go on and consider murder II and return a verdict of guilty or not guilty. That's my request.
>
> THE COURT: If your verdict is not guilty on felony murder, go on and consider whether or not your verdict is guilty or not guilty with regard to murder II—submit murder II as a lesser-included offense of each form of murder I.
>
> MR. GARBER (codefendant's counsel): That's right.
>
> MS. ROUNDTREE: Yes.
>
> THE COURT: Now, we come down to a place where we find ourselves with two murder II convictions.
>
> MR. ROSS: I think in that situation, Your Honor, the Court could take the appropriate action to remove any problems associated with that.
>
> THE COURT: It has not been the subject of litigation yet. All right. If that's counsel's request, that's what we will do.

■ The government argues that by agreeing to the court's instructions, including two second-degree murder instructions, the appellant waived any double jeopardy defense. We cannot agree. There can be no such implicit waiver in agreeing to the two proposed second-degree murder instructions. The appellant did not state nor imply that if he was acquitted on one that he would not thereafter argue collateral estoppel or double jeopardy as to the other. The argument of waiver of appellant's constitutional right must fail.

This is not a case where a single course of conduct can be prosecuted as more than one offense, except insofar as he can be prosecuted for a lesser-included offense.

■ The trial court's second holding that when a defendant is charged with two forms of first-degree murder arising from the same killing, the court may only submit the second-degree murder charge under the first-degree premeditated murder charge, is based upon its reading of *Fuller v. United States,* 132 U.S.App.D.C. 264, 294, 407 F.2d 1199, 1229 (1968) (en banc), *cert. denied,* 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). *Fuller* supports the principle that we endorse here, that in particular factual settings second-degree murder constitutes an appropriate lesser-included offense of first-degree premeditated murder and/or first-degree felony murder. *Id.* at 293–94, 407 F.2d at 1229. The trial court's Memorandum Order states that *Fuller* suggests that in a situation like the case at bar the trial court could not also submit the second-degree murder charge as a lesser-included offense under the felony murder charge. *See id.* at 294, 407 F.2d at 1229. We see no basis for this reading of *Fuller* and we do not concur in the court's subsequent nullification of the acquittal verdict based on its view that it was improper to submit a second-degree murder charge to the jury as the lesser-included offense of felony murder.

Appellant argues that retrial here is prohibited by the doctrine of collateral estoppel which provides that when an issue of ultimate fact has once been determined by a valid and final judgment that issue cannot be relitigated between the same parties in any future proceedings. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

■ By virtue of the instructions, the appellant stood charged with two counts of second-degree murder under D.C.Code § 22–2403 (1973), based upon the alleged killing of just one person. However, the facts could not support two convictions for second-degree murder.[1]

In order to convict on a first-degree murder charge under the felony murder statute, the jury must find that the defendant committed a felony in the course of the killing so as to make the killing first degree. However, it need not find that a felony was committed in order to convict defendant of second-degree murder.

The elements of second-degree murder are: (1) that the defendant inflicted injuries on the victim from which he died; (2) at the time he so injured the deceased, he acted with malice; and (3) that he did not injure the deceased in the heat of passion caused by adequate provocation.

■ In a trial for second-degree murder as a lesser-included offense of felony murder, the government may fail in proof of the underlying felony, yet the jury could still convict of second-degree murder. In this case, the appellee has not set forth what additional facts will be adduced to prove the offense at re-trial that were not proved at the first trial, which resulted in an acquittal. As earlier stated, "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194.

We hold that under the principle of collateral estoppel appellant's acquittal of second-degree murder as a lesser-included offense of felony murder bars a second prosecution here for second-degree murder as a lesser-included offense of premeditated murder, the same as it would as a lesser-included offense of felony murder. The second trial will involve the same issues— and no more—that were presented to the jury in the first trial—i.e., that the acts of defendant caused the death of the victim and that he acted with malice and not in the heat of passion.

*Reversed.*

1. The trial court could avoid the problem we have here by allowing the jury to consider only one count of second-degree murder.