Gilbert I. **TURNER**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 82–498.

District of Columbia Court of Appeals.

Re-Argued Jan. 6, 1984.

Decided May 8, 1984.

---

Ruth R. Banks, Washington, D.C., with whom Dovey J. Roundtree, Washington, D.C., was on the pleadings, for appellant.

Edward D. Ross, Jr., Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington D.C., at the time the brief was filed, and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the pleadings, for appellee.

Before MACK and PRYOR, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

After reargument and reconsideration, we find no reason to modify the earlier opinion of the court.[1]

However, in view of the government's contention that this court's decision in *United States v. Smith*, 337 A.2d 499 (D.C. 1975) should be controlling here, we feel constrained to point to differences that make that decision inapposite to the issue before us.

*Smith* involved a multi-count indictment charging appellant with bribery, threats and obstruction of justice. The jury acquitted him on the bribery and threats counts, and hung on the obstruction of justice count which the government sought to retry.

This court understandably noted that a hung jury determines nothing, and that from the verdict one could not conclude what the jury necessarily must have determined. Accordingly, collateral estoppel could not apply.

In the case before us, however, the question is whether we should accord *res judicata* effect to an acquittal in the earlier trial on the identical charge the government now seeks to retry, to-wit: second degree murder. This question was not before the *Smith* court and we think the answer is patently clear. We know of no

differences in the elements of proof required for conviction under the two counts of second degree murder and the government has been unable to cite us to any. At trial, the court and both counsel agreed that convictions on both counts could not stand, with which view we agree.

Accordingly, we hold that the jury's acquittal on one count of second degree murder at the first trial bars a second trial on that charge arising out of the same transaction.

*Reversed.*

PRYOR, Associate Judge, concurring:

Where, as here, the jury receives two second-degree murder instructions fashioned by the court and counsel, it cannot be said that "sole[ ] responsib[ility]" for the instruction lies with the defendant; hence, his actions did not "deprive[ ] him of [his] right [to avoid] consecutive trials." *Jeffers v. United States*, 432 U.S. 137, 154, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168 (1977). Therefore, I agree with the majority that the jury's verdict of not guilty of second-degree murder as a lesser-included offense of felony murder is a bar to retrial for second-degree murder as a lesser-included offense of premeditated murder.

I further note that it was improper to instruct the jury to consider second-degree murder under both the premeditated murder and felony murder counts. *United States v. LaVallee*, 517 F.2d 1330, 1333 (2d Cir.1975). The problem we have here should be avoided in the future by allowing the jury to consider only one count of second-degree murder.

---

1. Associate Judge Catherine B. Kelly, who was a member of the division which originally decided this case, retired on March 31, 1983 and was replaced by Associate Judge Mack for purposes of this rehearing. *See Turner v. United States*, 459 A.2d 1054 (D.C.1983).