Rebecca HALICKI, Appellant,

v.

UNITED STATES, Appellee.

UNITED STATES, Cross–Appellant,

v.

Rebecca HALICKI, Cross–Appellee.

Nos. 92–CO–132, 92–CO–292.

District of Columbia Court of Appeals.

Argued June 22, 1992.
Decided Aug. 28, 1992.

Joseph R. Conte, Washington, D.C., and Sara E. Kopecki, Alexandria, Va., for appellant, cross-appellee.

Thomas C. Black, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Roy W. McLeese, III, and Dolan L. Garrett, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee, cross-appellant.

Before FERREN, SCHWELB, and KING, Associate Judges.

KING, Associate Judge:

Rebecca Halicki (appellant in No. 92–CO–132 and cross-appellee in No. 92–CO–292, hereinafter "appellant") was indicted along with Wallace Mitchell and "another" (sub-

sequently identified as Floyd Calloway), for armed first degree burglary,[1] armed assault with intent to kill,[2] armed first degree felony-murder,[3] armed first degree premeditated murder,[4] possession of a firearm during the commission of a crime of violence or dangerous crime[5] (PFCV), and two counts of carrying a pistol without a license[6] (CPWL). She was tried alone beginning in October 1991 before Judge Suda. On November 6, 1991, the jury acquitted on one of the CPWL charges, but was unable to reach a verdict on any of the remaining charges.

Subsequently, appellant moved for dismissal of the unresolved charges on the ground that a retrial would violate constitutional principles of Double Jeopardy. Judge Bowers rejected that claim; however, he ruled that collateral estoppel would bar introduction at any retrial of any evidence concerning the pistols. He also concluded that, since the jury was not asked, and therefore did not report which pistol was the subject of the not-guilty verdict, a judgment of not-guilty should be entered as to both CPWL counts.[7] Appellant appeals the denial of her motion to dismiss (No. 92–CO–132). The government cross-appeals the trial court's ruling barring introduction of evidence relating to the pistols (No. 92–CO–292). Three issues are raised in these appeals: (1) whether a retrial on the unresolved charges is barred by the Double Jeopardy Clause; (2) whether the collateral estoppel doctrine bars retrial of those charges; and (3) whether, if a retrial is permitted, the government can introduce evidence regarding the pistols. We hold that the motion judge properly rejected appellant's motion to dismiss on Double Jeopardy and collateral estoppel

grounds. We also hold that the motion judge erred in denying the government the use of the pistols as evidence at the retrial.

## I.

The evidence presented by the government at trial showed that on January 16, 1990, appellant accompanied Wallace Mitchell and Floyd Calloway to Washington, D.C., by automobile from Ohio, to find Mitchell's wife, Denise. Appellant had come to the District earlier that month with the wife, but had returned to Ohio while the wife remained in the District. Appellant accompanied Mitchell and Calloway back to the District, since she knew where Mitchell's wife could be found.

After appellant, Mitchell, and Calloway arrived in the District, Mitchell produced a sawed-off shotgun and two pistols from a bag located in the trunk of the vehicle. He loaded the three weapons in the presence of appellant and Calloway and gave one of the pistols to Calloway.

In the early morning hours of January 17, 1990, the three arrived at the apartment building where appellant believed Mitchell's wife was staying in an apartment with Darryl Arrington and Randy Nelson. The three entered the building and Mitchell and Calloway positioned themselves on either side of the door of the apartment where Arrington and Nelson resided. Mitchell was armed with the shotgun and one of the pistols, and Calloway was armed with the other pistol. Appellant stood at the door and knocked, asking for "Denise." She persuaded Arrington to open the door.[8] Subsequently, shots were fired by Mitchell which struck Arrington in the arm and in

1. D.C.Code §§ 22–1801(a), –3202(a) (1989 Repl. & 1991 Supp.).

2. D.C.Code §§ 22–501, –3202(a) (1989 Repl. & 1991 Supp.).

3. D.C.Code §§ 22–2401, –3202(a) (1989 Repl. & 1991 Supp.).

4. D.C.Code §§ 22–2401, –3202(a) (1989 Repl. & 1991 Supp.).

5. D.C.Code § 22–3204(b) (1991 Supp.).

6. D.C.Code § 22–3204(a) (1991 Supp.).

7. The government does not challenge that ruling in its separate appeal.

8. In her own testimony, appellant disputed several details of the government witness's account of her own role in the events just before, and at the time of Mitchell's entry into the apartment. In virtually all other respects, her testimony was consistent with the evidence presented by the government.

the back. When the shooting began, appellant and Calloway ran out of the building. Mitchell, however, entered the apartment and, firing both the pistol and the shotgun, inflicted fatal wounds on Nelson.

The government's theory was that appellant aided and abetted Mitchell in the commission of the armed burglary (Count I), the armed assault with intent to kill Arrington (Count II), the two armed first degree murder charges (Counts III and IV) relating to the death of Nelson, and aided and abetted Mitchell and Calloway in the commission of the PFCV offense (Count V), and the two CPWL offenses (Count VI and VII). The weapons specified in Counts I through V were "pistols and a shotgun." A "pistol" of course was the only weapon specified for the CPWL charges. The jury reached a not-guilty verdict on one CPWL charge but was unable to reach a verdict on any of the other charges. Although it was clearly understood by the court and the parties that one CPWL charge related to the pistol carried by Calloway and the other CPWL charge related to the pistol carried by Mitchell, the jury was never asked to specify which of the two "carryings" was the basis for its not-guilty verdict. As noted above, Judge Bowers entered a not-guilty judgment on the unresolved CPWL charge.

## II.

Relying on *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), appellant claims that a retrial on Counts I through V is barred since the "same conduct" that established those offenses was the subject of the not-guilty verdict for the one CPWL charge. Thus appellant reasons a retrial is barred since *Grady v. Corbin* holds that a criminal defendant cannot be subjected to successive prosecutions for separate offenses arising out of the same occurrence. Appellant reads that case far too broadly, and we conclude that the principles set forth there do not bar reprosecution under the circumstances presented in this case.

Corbin was involved in an automobile collision that resulted in the death of one occupant and injury to another occupant of another vehicle involved in the collision. On the evening of the collision Corbin was served with two traffic tickets charging him with driving while intoxicated and failing to keep to the right of the median. Less than a month later, Corbin appeared in the Town Justice Court and pleaded guilty to both charges. He was sentenced within weeks after the pleas. Approximately two months later, an indictment was returned charging Corbin with vehicular homicide and assault for the death and injury that resulted from the collision. In a bill of particulars the government identified three reckless or negligent acts it would rely upon in proving its case—two of which were the conduct that was the subject matter of the guilty pleas in the Town Justice Court. The Supreme Court concluded that Corbin could not be tried for the charges set forth in the indictment, holding that:

> [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Grady v. Corbin, supra,* 495 U.S. at 521, 110 S.Ct. at 2093.

Appellant here argues that a retrial would be a "subsequent prosecution" and is therefore barred. We do not agree. A retrial would be nothing more than a continuation of the initial jeopardy for the charges set forth in the indictment, rather than a subsequent prosecution.

The facts here are controlled by *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), rather than by *Grady v. Corbin*. Richardson was tried for two counts of distribution of a controlled substance and one count of conspiracy to distribute a controlled substance. The jury was unable to agree on the conspiracy count and on one of the distribution counts, but acquitted the defendant on the other distribution count. Thereafter, the trial court denied defendant's motion to dismiss on Double Jeopardy grounds, and

the Supreme Court affirmed. The Court reasoned that principles of Double Jeopardy apply only when some event occurs that terminates jeopardy. It concluded, based upon a long line of authority, that "failure of the jury to reach a verdict is not an event which terminates jeopardy." *Id.* at 325, 104 S.Ct. at 3086. It follows that, since jeopardy was never terminated, a retrial would not be a subsequent prosecution but would instead be a continuation of the original prosecution.

■ We can find no distinction between the facts in this case and what occurred in *Richardson.* In each there was a trial on the multiple count indictment which resulted in an acquittal of one count and a hung jury on the other counts. As in *Richardson* the counts to be retried do not constitute the "same offense" as the acquittal charges. *See Rouse v. United States,* 402 A.2d 1218, 1221 (D.C.1979) (CPWL does not merge with armed offense charged under D.C.Code § 22–3202). Therefore, under *Richardson* there is no Double Jeopardy bar to a retrial of appellant on the hung counts.

### III.

■ Appellant also claims that the doctrine of collateral estoppel bars further prosecution on Counts I through V. That doctrine holds that once an issue of ultimate fact has been determined by a final judgment the issue may not be relitigated between the parties. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). She essentially argues that the acquittal on the CPWL charge determined an issue of fact, *i.e.,* that appellant did not aid and abet Mitchell in the possession (or carrying) of a pistol, and that this is dispositive of a fact central to each of the charges which are the subject of the retrial. As a result, she reasons, *Ashe v. Swenson* bars a retrial since another trial would amount to a relitigation of that central fact. The trial judge rejected appellant's claim and we too are satisfied that it is without merit.

■ At the outset we note that in any criminal proceeding where collateral estop-

pel is asserted, the burden is on the "defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990) (citation omitted). Moreover, the burden placed upon a defendant is considerable:

> Unless the record of the prior proceeding affirmatively demonstrated that an issue involved in the second trial was *definitely determined* in the former trial, the possibility that it may have been does not prevent relitigation of that issue.

*United States v. Smith,* 337 A.2d 499, 503 (D.C.1975) (citation and quotation marks omitted) (emphasis supplied). The doctrine of collateral estoppel generally applies "only where there has been a conclusive prior resolution of the *precise factual question* presented in the subsequent proceedings." *Copening v. United States,* 353 A.2d 305, 309 (D.C.1976) (citations omitted) (emphasis supplied). Stated another way: in order to bar relitigation of an issue, Halicki is required to demonstrate that the jury *must* have found in her favor on some essential facts underlying Counts I through V. *Smith, supra,* 337 A.2d at 502. This she clearly cannot do.

■ Halicki maintains that the not-guilty verdict must necessarily be considered to be a finding that her own conduct did not amount to aiding and abetting in the carrying of a pistol and that finding is essential to a conviction in Counts I through V. The government, on the other hand, argues that the jury's not-guilty verdict did not conclusively determine any disputed fact. We agree and conclude that the jury's verdict is susceptible to a range of reasonable explanations. This necessarily means that appellant has failed to establish that the verdict constituted a conclusive resolution of a factual question presented at a retrial.

We can readily see, for example, how the jury could conclude that Halicki aided and abetted Mitchell in the commission of the armed burglary, assault, and murder,

which are charged in Counts I through V, while at the same time not be satisfied that the government had established beyond a reasonable doubt that she aided and abetted in the "carrying on or about [the] person"[9] of the pistols in question. The evidence presented by the government showed that she took Calloway and Mitchell to the apartment building, located the precise apartment, and induced Arrington to open the door which ultimately permitted Mitchell to enter and commit the assault and murder. On the other hand, there is no evidence that she in any way facilitated the initial acquisition of the weapons which were in the trunk of Mitchell's car when Mitchell picked her up, or that she played any role in the continued dominion and control over them by Mitchell and Calloway.[10] Some conduct by an alleged accomplice of an affirmative character in furtherance of the act of carrying the pistols by the two principals must be established. *See Jefferson v. United States,* 463 A.2d 681, 683 (D.C.1983); CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.02 (3d ed. 1978). The jury could easily have

concluded that the proof fell short with respect to such a showing. The verdict could reasonably be based upon an unwillingness by the jury to ascribe to appellant any role in the actual carrying of the pistols by the principals. *See Jackson v. United States,* 395 A.2d 99, 104 (D.C.1978) (conviction of armed robbery affirmed but conviction of CPWL reversed because there was no showing that appellant had "convenient access" to pistol). That does not mean, however, that the jury's verdict in any sense amounts to a finding that appellant did not, by her conduct, affirmatively aid and abet Mitchell in the burglary, assault, and murder offenses committed by Mitchell when he was armed with one of the pistols.

■ Furthermore, the jury was told that, in order to convict on the CPWL charges, it must find that Halicki herself was not licensed to carry a pistol. That instruction was an incorrect statement of the law, for we have repeatedly held that, in order to convict of CPWL on an aiding and abetting theory, the government must show that the principal (not the aider and abettor) was

**9.** We have on occasion in our cases equated the concepts of "carrying on or about the person" and "possession" by using the terms interchangeably without any discussion of whether the two are in fact always necessarily the same. *See, e.g., Jefferson v. United States,* 558 A.2d 298, 303–04 (D.C.1989); *Brown v. United States,* 546 A.2d 390, 394 (D.C.1988); *Logan v. United States,* 489 A.2d 485, 491 (D.C.1985). In *United States v. Felder,* 548 A.2d 57 (D.C.1988), we seemed to assume that the two concepts were not necessarily the same; however, on the facts presented there, we held that the dominion and control exercised by the defendant amounted to both a "carrying" and "possession." *Id.* at 68. The same is, of course, true in this case with respect to the dominion and control exercised by Calloway and Mitchell over the pistols, *i.e.,* their dominion and control over each pistol could constitute both "carrying" and "possession." The discussion in *Felder,* however, leaves open the question of whether with another set of facts one of the concepts might be proven and the other not. *Compare Brown v. United States,* 58 App.D.C. 311, 312, 30 F.2d 474 (1929) (in order to carry on or about the person the pistol must be in such "proximity to the person as to be convenient of access and within reach") *and Waterstaat v. United States,* 252 A.2d 507, 509 (D.C.1969) *and Jackson v. United States, supra,* 395 A.2d at 104 *with Speight v. United States,* 599 A.2d 794, 796–797 (D.C.1991) (posses-

sion requires "ability to exercise dominion and control").

We raise this point only because we think it appropriate that care be taken when expressing the operative statutory terms. There is a tendency to equate the various terms relating to dominion and control of weapons found in the statutory provisions in Title 22 of the D.C.Code. For example, the statute includes such terms, relating to dominion and control over a weapon, as "armed with" (§ 3202(c)); "armed with or having readily available" (§ 3202(a)); "carrying on or about [the] person" (§ 3204(a)); and "possess" (§§ 3204(b), 3214(a) and (b)).

We have held in merger-of-offense analysis, that to "possess" is a broader concept than to be "armed with or [have] readily available." *Thomas v. United States,* 602 A.2d 647, 654 (D.C. 1992). It is difficult to discern any difference between "armed with or having readily available" and "proximity to the person as to be convenient of access and without reach." *Brown, supra* (defining "carrying on or about the person"). If those concepts are the same then it would follow that "possession" is a broader concept than to "carry on or about the person."

**10.** There was some testimony, however, that appellant persuaded Calloway to hide his pistol after the two had left the apartment building.

not licensed to carry the pistol. *Jefferson v. United States*, 558 A.2d 298, 303–04 (D.C.1989); *see Jackson, supra*, 395 A.2d at 103 n. 6. The record is not clear regarding the nature of the evidence actually presented at trial on the issue of license, and there is no way to determine with any certainty the effect, if any, the erroneous instruction had upon the verdict. This uncertainty on the licensing issue, and whether it played a role in the acquittal of CPWL, underscores the conclusion set forth above that the jury's verdict did not conclusively establish any issue relevant to the remaining counts.

On this record we conclude, for the various reasons stated, that appellant has been unable to demonstrate that the not-guilty verdict "definitely determined" or "must" have or was "conclusive" on any issue which would be involved in a retrial. Accordingly, her claim that retrial on Counts I through V [11] is barred by collateral estoppel must fail.[12]

### IV.

█ Finally, in its cross-appeal, the government contends that the trial court erred in its ruling barring evidence regarding both pistols at a retrial. We concluded in Part III that collateral estoppel principles do not bar retrial of Counts I through V since appellant was unable to demonstrate that the not-guilty verdict on the CPWL established any facts necessary to prove those charges. For the identical reason we conclude that evidence regarding the pistols may not be barred at the retrial.

Our analysis begins with *United States v. Felder, supra* note 9, a case which is similar in many respects to the case at hand, but is quite distinguishable with respect to the issue presented here. Felder was charged with murder, robbery, and CPWL as a result of his role, along with two confederates, in the robbery and killing of a drug dealer. One of the confederates and an eye witness both testified that Felder fired the fatal shot. Other circumstantial evidence pointed the same way. Felder himself testified that he was present on the scene, that he saw the decedent engaged in activity with others, and that he heard the shot fired. He denied, however, that he was the person who fired the shot, and there was circumstantial evidence to support his testimony. Thus, a single factual issue was squarely presented: Felder either did (confederate and eye witness version) or did not (Felder version) fire the

---

**11.** The Fifth Count—PFCV—charges possession of firearms, *i.e.*, pistols and a shotgun, while committing the burglary, assault and murder set forth in Counts I through IV. That offense, like CPWL, is essentially a dominion and control offense, whereas Counts I thru IV are common law crimes-against-the-person aggravated by the fact that the offenses were committed while the principals were "armed with" the weapons in question (compare "armed with," D.C.Code § 22–3202(c) and "armed with or having readily available," D.C.Code § 22–3202(a)—the former requires imposition of mandatory-minimum sentence while the latter does not). As we observed in the text, the not-guilty verdict for CPWL could reasonably have been based upon the uncertainties noted with respect to the licensing element. Thus, that verdict of not-guilty cannot be considered to be a conclusive finding that appellant did not "possess" the pistol. Even if the CPWL verdict were conclusive on the issue of possession of the pistol, which we find not to be the case, appellant would not be entitled to a dismissal of that charge, since Count V also charges possession of a *shotgun* while committing the crimes of violence. The not-guilty verdict of CPWL could not establish any fact relating to the illegal possession of the shotgun.

**12.** The government also asks us to hold that the collateral estoppel doctrine should never apply in any mixed verdict situations, *i.e.*, in cases where a jury acquits on some counts but is unable to agree on other counts. In its brief, the government argues that since "the jury failed to acquit on all counts in the indictment, 'there is not present here the required showing that the jury *must* have determined there was no [aiding and abetting by appellant regarding any of the Counts].' *Smith, supra*, 337 A.2d at 503." *See Standefer v. United States*, 447 U.S. 10, 23 n. 17, 100 S.Ct. 1999, 2007 n. 17, 64 L.Ed.2d 689 (1980) (inconsistency between verdicts is reason, in itself, not to invoke collateral estoppel). *But see Turner v. United States*, 459 A.2d 1054, 1057 (D.C.1983), *reh. denied*, 474 A.2d 1293, 1294 (D.C.1984) (distinguishing *Smith*). We must reject the government's argument since we are bound by our holding in *United States v. Felder, supra* note 9 at 66–67, where we held, with one judge dissenting on that point, that collateral estoppel principles can apply in so-called mixed verdict cases.

fatal shot. Stated another way: Felder either did or did not have dominion and control over the pistol when the shot was fired. The jury hung on the murder and robbery charges but acquitted Felder of the CPWL charge, thus finding that he did not have dominion and control over the pistol when the shot was fired.

Before his retrial on the hung counts, Felder sought, on collateral estoppel and Double Jeopardy grounds, to prevent the government from relitigating those facts necessarily disposed of favorably to him by his acquittal on the CPWL charge.[13] The trial judge agreed with Felder and barred all evidence of his own dominion and control over the pistol at the time of the shooting.[14] We affirmed, concluding that:

> "The single rationally conceivable issue in dispute before the jury was whether [Felder possessed (carried) the pistol at the relevant time]. And the jury by its verdict found he had not." *Ashe v. Swenson, supra,* 397 U.S. at 445 [90 S.Ct. at 1195].... The collateral estoppel component of the Double Jeopardy Clause prevents the government from relitigating these facts.

*Id.* at 69.

As we have shown in Part III, a similar definitive conclusion cannot be drawn from the not-guilty verdict on the CPWL count in this case. As we have held, Halicki is not entitled to the benefit of the estoppel doctrine since a "rational jury could have based its verdict on an issue other than the one the defendant seeks to foreclose." *Id.* at 65; *see also United States v. Gentile,* 816 F.2d 1157, 1161–62 (7th Cir.1987) (finding that defendant failed to show that testimony he sought to foreclose had been disbelieved by the jury in first trial).

Further, the motion judge seemed to conclude that any evidence relating to prior acquitted conduct may never be admissible in future trials. In *Dowling v. United States, supra,* the Supreme Court rejected that view. Dowling was tried and convicted of bank robbery. At trial the government was permitted to introduce evidence of another robbery it claimed was committed by Dowling as "other crimes" evidence, tending to show identity under Federal Rules of Evidence, Rule 404(b). Dowling, however, had previously been tried and acquitted for the so-called "other crimes" robbery. The Court declined to extend *Ashe v. Swenson* to exclude, in all circumstances, evidence that is relevant and probative "simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Dowling, supra,* 493 U.S. at 348, 110 S.Ct. at 672.

The motion judge excluded all evidence relating to the pistols. It cannot be disputed that the evidence is relevant to the remaining charges to be tried. Thus, unless the introduction of evidence of the pistols is barred by the Double Jeopardy Clause, which we have found not to be the case, there is no other obstacle to its admissibility presented by this record. We conclude, therefore, that the motion judge erred in ruling that evidence relating to the pistols could not be admitted at the retrial.

In sum, we hold that appellant may be retried on Counts I through V and the government may introduce any relevant evidence relating to the pistols alleged to have been carried by Calloway and Mitchell.[15]

Accordingly, *No. 92–CO–132 is hereby Affirmed;* and *No. 92–CO–292 is hereby Reversed.*

---

**13.** Felder did not, however, as Halicki has done, seek to bar on collateral estoppel or other Double Jeopardy grounds, his prosecution on the hung offenses.

**14.** Felder was retried on the theory that he aided and abetted the actual shooter. His conviction of felony murder while armed and attempted robbery while armed at the retrial was affirmed by this court. *Felder v. United States,* 595 A.2d 974 (D.C.1991).

**15.** As the government concedes, it will be barred at the retrial from attempting to argue or prove that appellant aided and abetted the carrying of either pistol without a license.