**Alfred EVANS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 09–CO–1265.**

District of Columbia Court of Appeals.

Argued Dec. 16, 2009.

Decided Jan. 28, 2010.

Elita C. Amato, Arlington, VA, for appellant.

Elizabeth H. Danello, Assistant United States Attorney, with whom Channing D. Phillips, Acting United States Attorney, and Roy W. McLeese III, Assistant United States Attorney, were on the brief, for appellee.

Before RUIZ and FISHER, Associate Judges, and NEWMAN, Senior Judge.

FISHER, Associate Judge:

Seeking to preclude his retrial for felony murder while armed, appellant filed a motion to dismiss based on the related doctrines of double jeopardy and collateral estoppel. The trial court denied the motion, and appellant took this interlocutory appeal. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We affirm.

## I. Factual and Procedural Background

In the previous trial, Alfred Evans and Frank Johnson, Jr., were jointly charged with the execution-style murder of Reginald Brightheart, which took place in the apartment where the victim had been living. In brief, Brightheart bit Johnson during a fight and someone warned Johnson that Brightheart had AIDS. Enraged, Johnson vowed to kill Brightheart and soon carried out his threat, allegedly with the help of appellant Evans. After Johnson shot Brightheart, he ran out of the apartment. A witness then heard a second round of shots and saw appellant run out of the apartment with a gun in his hands.

The jury convicted Johnson of all charges, but acquitted Evans of most. It found appellant guilty of first-degree murder while armed (felony murder), but not guilty of premeditated murder while armed, second-degree murder while armed (as a lesser-included offense of premeditated murder), second-degree burglary while armed, and four counts charging weapons offenses. In other words, the same jury, during a single trial, returned verdicts finding (1) that Evans killed Brightheart

"in perpetrating and attempting to perpetrate the crime of second-degree burglary while armed" (as a predicate offense of felony murder), but (2) that he was not guilty of the separate charge of second-degree burglary while armed.

Were the felony murder conviction before us on direct review, this inconsistency in the verdicts would not matter. *United States v. Powell*, 469 U.S. 57, 69, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (declining to vacate a defendant's conviction on a compound felony merely because the jury had inconsistently acquitted him of the predicate felony; "there is no reason to vacate respondent's conviction merely because the verdicts cannot rationally be reconciled"). However, the trial court granted both defendants a new trial (with the government's agreement) after the parties discovered that an exhibit excluded from evidence had been submitted to the jury during its deliberations. It was the prospect of facing this second trial that prompted appellant to file his motion to dismiss.[1]

## II. Legal Analysis

 Both the Supreme Court and this court have long tolerated inconsistent verdicts. "In *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 … (1932), the [Supreme] Court, speaking through Justice Holmes, held that a logical inconsistency between a guilty verdict and a verdict of acquittal does not impugn the validity of either verdict." *Yeager v. United States*, —— U.S. ——, ——, 129 S.Ct. 2360, 2362, 174 L.Ed.2d 78 (2009); *accord, McClain v. United States*, 871 A.2d 1185, 1193 (D.C.2005) ("However inconsistent the verdict in this case is, we are precluded from second-guessing that verdict.");

---

1. We are informed that co-defendant Johnson has been found guilty as charged at his second trial.

*Khaalis v. United States,* 408 A.2d 313, 342 (D.C.1979) ("Juries are permitted to return inconsistent verdicts.").

■ Nevertheless, the Supreme Court has also held that the doctrine of collateral estoppel "is embodied· in the Fifth Amendment guarantee against double jeopardy." *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. 1189. Moreover, a lesser-included offense is "the same offense" as the greater for double jeopardy purposes. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Thus, the prior acquittal of second-degree burglary while armed would have preclusive effect if the government were attempting, for the first time, to try appellant for felony murder while committing second-degree burglary while armed. *See Brown v. Ohio,* 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ("Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.") (footnote omitted).

But this is not a new prosecution. For purposes of applying traditional double jeopardy principles, it is a continuation of the first one. *Price v. Georgia,* 398 U.S. 323, 326–27, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970) (applying the concept of "continuing jeopardy" where "Petitioner sought and obtained the reversal of his initial convic-

tion ... by taking an appeal" because double jeopardy is not a bar "where criminal proceedings against an accused have not run their full course") (citing *Green v. United States,* 355 U.S. 184, 189, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)); *Lucas v. United States,* 522 A.2d 876, 879 (D.C.1987) ("The general rule is that jeopardy does not fully terminate, and retrial may occur, with respect to a crime for which a person was originally convicted, notwithstanding reversal of that conviction on appeal."). The same principle of "continuing" jeopardy applies when the trial court has granted a defendant's motion for a new trial. *United States v. Wood,* 958 F.2d 963, 970– 71 (10th Cir.1992) (order setting aside guilty verdict on defendant's motion for new trial after the jury saw the prosecutor's notes did not terminate jeopardy) [2]; *see also Gant v. United States,* 467 A.2d 968, 970 (D.C.1983).

■ For purposes of applying collateral estoppel in this case, the crucial fact is that the jury *convicted* appellant of felony murder in the first trial. "The problem is that the same jury reached inconsistent results; once that is established principles of collateral estoppel—which are predicated on the assumption that the jury acted rationally and found certain facts in reaching its verdict-are no longer useful." *Powell,* 469 U.S. at 68, 105 S.Ct. 471; *accord, Standefer v. United States,* 447 U.S. 10, 23 n. 17, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980) ("This inconsistency is reason, in itself, for not giving preclusive effect to the acquittals....."). As Justice Holmes explained,

---

2. Here, the conviction was not set aside on the ground that the evidence was insufficient to support the conviction for felony murder. *See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) ("the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient"). Moreover, the Double Jeopardy Clause does not guarantee an error-

free trial. " 'It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.' " *United States v. DiFrancesco,* 449 U.S. 117, 131, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (quoting *United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964)).

"[t]he most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." *Dunn,* 284 U.S. at 393, 52 S.Ct. 189 (citation and quotation marks omitted).

 "To preclude retrial, [appellant] must show that the jury necessarily decided an issue in his favor." *Yeager,* 129 S.Ct. at 2368 n. 6; *see Schiro v. Farley,* 510 U.S. 222, 236, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) ("Schiro has not met his 'burden ... to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in' his favor.") (quoting *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). "The defendant's burden is particularly difficult to satisfy when the jury has reached inconsistent verdicts. Such verdicts, whether based on error, confusion, or a desire to compromise, give little guidance as to the jury's factual findings." *United States v. Citron,* 853 F.2d 1055, 1058 (2d Cir.1988); *see also Martin v. United States,* 647 A.2d 1135, 1137 (D.C. 1994) ("Because of his convictions for murder and AWIK at his jury trial, Martin has failed to demonstrate that his acquittal for CPWL conclusively determined, in his favor, an ultimate fact central to the charges that were the subject of the retrial."); *id.* at 1140 (King, J., concurring on basis "that in so-called mixed verdict cases, when there has been a conviction of some counts and an acquittal of others, ... collateral estoppel principles can never bar re-trial with respect to any of the counts upon

which there was a conviction"); *Hoffer v. Morrow,* 797 F.2d 348, 352 (7th Cir.1986) ("an inconsistent verdict cannot be used to establish collateral estoppel and thereby bar retrial under the double jeopardy clause"); *People v. Goodman,* 69 N.Y.2d 32, 40, 511 N.Y.S.2d 565, 503 N.E.2d 996, 1002 (1986) ("If he can show no more than that the verdict is ambiguous, he cannot establish that the jury found the evidentiary fact in his favor.").

The Supreme Court's recent decision in *Yeager* does nothing to undermine this analysis. The distinguishing feature in *Yeager* was that the jury had acquitted on some counts and hung on others. The Court treated "the jury's inability to reach a verdict on the insider trading counts [as] a nonevent[,]" 129 S.Ct. at 2367, "hold[ing] that the consideration of hung counts has no place in the issue-preclusion analysis." *Id.* at 2368. It explained that the situation was "quite dissimilar" from that presented in *Powell,* where "respect for the jury's verdicts counseled giving each verdict full effect, however inconsistent." *Yeager,* 129 S.Ct. at 2369. In *Yeager,* there was no inconsistent verdict of guilt standing in opposition to the acquittals, and the Court held that "conjecture about possible reasons for a jury's failure to reach a decision should play no part in assessing the legal consequences of a unanimous verdict that the jurors did return." *Id.* at 2368.

In this case, of course, there *are* inconsistent verdicts, and our analysis is governed by *Powell, Standefer,* and *Dunn.* Principles of double jeopardy and collateral estoppel do not preclude a retrial of appellant for felony murder while armed,[3]

---

3. The government does not plan, and it could not lawfully seek, to retry appellant for the offenses of which he was acquitted. To reiterate, our holding is based on the jury's inconsistent verdicts and the fact that appellant was *convicted* of felony murder. *See Yeager,* 129 S.Ct. at 2368 n. 6 ("To preclude retrial [based on the doctrine of collateral estoppel],

[the defendant] must show that the jury necessarily decided an issue in his favor."); *cf. Martin,* 647 A.2d at 1140 (King, J., concurring) (when there have been inconsistent verdicts, collateral estoppel principles permit "re-trial with respect to any of the counts upon which there was a conviction").

and the judgment of the Superior Court is hereby

*Affirmed.*