George E. JONES, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CO–505.

District of Columbia Court of Appeals.

Argued Oct. 31, 1995.
Decided Dec. 29, 1995.

---

Ed Wilhite, Washington, DC, for appellant.

Magdalena A. Bell, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Thomas C. Black, Julie A. Grohov-

sky, and Jeanne M. Hauck, Assistant United States Attorneys, were on the brief, for appellee.

Before STEADMAN, RUIZ and REID, Associate Judges.

RUIZ, Associate Judge:

George E. Jones, the appellant, brings this interlocutory appeal from the Superior Court's denial of his motion to dismiss an indictment. Jones argues that two counts of the indictment are vague, and that the government's prosecution on those counts is barred by the principles of double jeopardy and collateral estoppel. We hold that because Jones has never been placed in jeopardy in a proceeding related to the charged offenses, there is no valid claim of double jeopardy presented to this court that is appealable interlocutorily. Accordingly, we dismiss the appeal for want of jurisdiction.

## I.

The grand jury indicted Jones on two counts of distribution of cocaine, and one count of unlawful possession of drug paraphernalia. The indictment named Mark Pride and Wanda Collins as Jones's co-defendants, charging each with one count of possession of cocaine. At the time of his arrest, Jones was on release under the supervision of the United States District Court for the District of Columbia, completing a sentence for conspiracy to distribute narcotics. See 18 U.S.C. § 3583 (1994) (governing imposition, modification, and revocation of supervised release). The United States Attorney for the District of Columbia elected to request a revocation of the supervised release based on

these new offenses before they were tried in the District of Columbia Superior Court.

The district court held a full evidentiary hearing before the Honorable John G. Penn. Relying solely upon the charge of distribution of cocaine to Collins, the government argued that Jones's supervised release should be revoked and that Jones should be incarcerated for all or part of the remainder of his release time.[1] The government presented the testimony of the arresting officer, who stated that he witnessed three apparent drug transactions: two between Jones and Collins, and one between Jones and Pride. Judge Penn denied the petition for revocation, stating that the government had failed to prove a criminal violation by a preponderance of the evidence.[2] Jones then filed a motion to dismiss the indictment in Superior Court, claiming that prosecution of the indictment was unconstitutional. The trial court denied the motion.

Jones raises three issues on appeal. First, he argues that principles of double jeopardy bar prosecution in Superior Court of the two counts of distribution of a controlled substance presented to Judge Penn in the supervised release revocation proceeding. Second, he contends that the counts alleging the distribution of cocaine are so vague that they do not provide sufficient information to evaluate a Fifth Amendment double jeopardy claim or satisfy the Sixth Amendment right to notice. Third, Jones claims that even if the two distribution counts in the indictment were not entirely barred by double jeopardy principles, the government should be collaterally estopped from relitigating the facts determined in the district court hearing.

1. Although limiting its allegation of Jones's violations of his conditions of release to the sale to Collins, the government also introduced testimony regarding the distribution to Pride.

2. In denying the motion to revoke supervised release, Judge Penn stated:

Taking everything to conclusion, I find at this time that the government has failed to establish by a preponderance of the evidence that Mr. Jones may have committed the matter and offense [being prosecuted in Superior Court.]

There's some—several matters that I'm concerned about. One was ... I'm not sure the police officer could observe from his place, where he was hiding or observing from, exactly what was taking place ... he never did testify that he actually saw an item pass from Mr. Jones to Ms. Collins. He did testify at one point that he saw money or what appeared to him to be currency pass.

.... [W]ith respect to the alleged violation in this case, I will deny it, and as far as this alleged violation is concerned, [Mr. Jones] will continue to maintain his present status.

## II.

■ Jones argues that the government initially placed him in jeopardy when it sought revocation of supervised release. A term of supervised release "is part of the sentence and is designated at the time of sentence to occur after the prisoner finishes serving a specific term of incarceration." *United States v. Marmolejo,* 915 F.2d 981, 982 (5th Cir.1990). Violations of release conditions can result in the execution of a sentence of incarceration for all or part of the term of release that had been imposed. 18 U.S.C. § 3583(e)(3). At the time of his arrest on the present charges, Jones had completed a term of incarceration from a federal conviction, and was serving a term of supervised release. Jones asserts that the court would have imposed a "sentence" of eighteen to twenty-four months in prison if the government had proven that he had distributed cocaine to Collins. Because the government has once litigated and failed to prove in the supervised release revocation proceeding that Jones committed the indicted offenses, Jones claims that a trial in Superior Court would be a "second prosecution" and would place him in jeopardy again for the same offense.

We disagree that trial in Superior Court would violate the constitutional protection against double jeopardy. We conclude that Jones was not placed in jeopardy for any of the present offenses at the district court hearing to revoke his supervised release, a hearing of a type which is closely analogous in form and purpose to a hearing to revoke probation or parole. The Supreme Court has stated that such hearings are not criminal prosecutions for purposes of due process, *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2599–2600, 33 L.Ed.2d 484 (1972), and courts evaluating double-jeopardy claims have generally followed that rule. *See Garcia v. United States,* 769 F.2d 697, 700 (11th Cir.1985) (holding that jeopardy does not attach at a parole revocation hearing); *Thompson v. Reivitz,* 746 F.2d 397, 399–400 (7th Cir.1984) (holding that bar against double jeopardy does not preclude successive probation revocation hearings based on the same alleged violation), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2332, 85 L.Ed.2d 849 (1985). Indeed, this court has noted that "jeopardy does not attach 'in parole, probation, or bond revocation hearings, because these proceedings are not designed to punish a defendant for violation of a criminal law.'" *Hardy v. United States,* 578 A.2d 178, 181 (D.C.1990) (quoting *Eighteenth Annual Review of Criminal Procedure,* 77 GEO.L.J. 489, 880 (1989)); *see also United States v. Miller,* 797 F.2d 336, 340–41 (6th Cir.1986) (holding that jeopardy did not attach during probation revocation hearing); *United States v. Whitney,* 649 F.2d 296, 298 (5th Cir.1981) (per curiam) (same).

■ A supervised release revocation hearing is the functional equivalent of a probation or parole revocation hearing. The same evidentiary rules apply, decisions are made according to similar guidelines and standards of proof, and the consequences that may result from a revocation are known to the defendant at the time of sentencing. *See* 18 U.S.C. § 3583(e)(3) (providing that determination of revocation of supervised release must be made "pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation"); *United States v. Paskow,* 11 F.3d 873, 881 & n. 9 (9th Cir.1993) (noting that supervised release and parole are virtually identical systems). Had Jones's supervised release been revoked, the punishment would not be a new sentence, but a continuation of an old sentence. *Hardy, supra,* 578 A.2d at 181. A supervised release revocation hearing, like a parole or a probation hearing, is a continuation of the earlier prosecution for the previous offense, and we thus hold that jeopardy on a new offense does not attach therein. *Id.*

## III.

Ordinarily, this court has jurisdiction only over final orders and judgments of the Superior Court. D.C.Code § 11–721(a)(1) (1995). Because Jones appeals the denial of his motion to dismiss before a verdict or judgment has been entered, we must evaluate the court's jurisdiction in light of the collateral-order exception to the final-order rule, promulgated in *Cohen v. Beneficial Industrial*

*Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). Jones's double jeopardy, vagueness, and collateral estoppel claims must be evaluated individually to determine whether they qualify as collateral orders.

The collateral-order doctrine allows this court to review a small class of orders which satisfy the following criteria:

> To come within this "narrow exception" [to the rule against interlocutory appeals] a trial court order must, at a minimum, meet three conditions. First, it "must conclusively determine the disputed question," second, it must "resolve an important issue completely separate from the merits of the action," third, it must "be effectively unreviewable on appeal from a final judgment."

*Stein v. United States*, 532 A.2d 641, 643 (D.C.1987) (quoting *Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1054–55, 79 L.Ed.2d 288 (1984)), *cert. denied*, 485 U.S. 1010, 108 S.Ct. 1477, 99 L.Ed.2d 705 (1988). In *Abney v. United States*, 431 U.S. 651, 662–63, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977), the Supreme Court established that a denial of a motion to dismiss based on double jeopardy is immediately appealable as a collateral order, because the right not to be tried twice is nullified once a defendant is put through the trial he had a right to avoid. *Abney, supra*, 431 U.S. at 662, 97 S.Ct. at 2041–42; *Powers v. United States*, 412 A.2d 1205, 1206 n. 2 (D.C.1980).

■ In addition to claiming that a trial on the charged offenses would violate the Double Jeopardy Clause, Jones claims that the indictment is so vague that it fails to provide an adequate basis to evaluate his Fifth Amendment double jeopardy concerns. Both claims implicate Jones's right not to be tried twice for the same offense. *See Joseph v. United States*, 597 A.2d 14, 22 (D.C. 1991) (stating that an indictment must be sufficiently clear to protect defendant's Fifth Amendment right against double jeopardy); *Williams v. United States*, 404 A.2d 189, 192–93 (D.C.1979) (quoting *Hsu v. United States*, 392 A.2d 972, 976–77 (D.C.1978)). As such, they would be immediately appealable. Nevertheless, for there to be a valid

double jeopardy claim, initial jeopardy must have attached in a prior proceeding. Because no jeopardy attached at the district court hearing to revoke Jones's supervised release, Jones does not raise colorable double jeopardy claims. Thus, this court is without jurisdiction to consider the merits of Jones's double jeopardy claims in an interlocutory appeal.

■ Jones would also have this court consider whether the distribution charges in the indictment are so vague as to violate his Sixth Amendment right to be informed of the nature and cause of a criminal accusation. Denial of a motion to dismiss an indictment for vagueness on Sixth Amendment grounds is not a collateral order. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801, 109 S.Ct. 1494, 1499, 103 L.Ed.2d 879 (1989) (distinguishing between a right the violation of which may require dismissal of the charges as a sanction, and the double jeopardy right not to be tried twice); *United States v. MacDonald*, 435 U.S. 850, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978) (holding that denial of a motion to dismiss for violation of speedy trial right is not appealable before final judgment); *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) (per curiam) (holding that denial of a motion to dismiss for prosecutorial vindictiveness is not immediately appealable). This is because the Superior Court's order with respect to the vagueness claim is not "effectively unreviewable from a final order." *Stein, supra*, 532 A.2d at 643. In other words, if the right "to be informed of the nature and cause" of the criminal accusation is, in fact, violated by two counts in the indictment, the right can still be vindicated at trial; for example, Jones can request a bill of particulars to "inform the defendant of the specifics of a charge so that he or she may prepare a proper defense and avoid surprise." *Joseph, supra*, 597 A.2d at 22 (*citing Davis v. United States*, 315 A.2d 157, 161 (D.C.1974)). The right, if not adequately vindicated at trial, can also be addressed on appeal after a final judgment. *See, e.g., Craig v. United States*, 490 A.2d 1173, 1176–77 (D.C.1985) (rejecting challenge to a conviction on ground of vagueness after

final judgment in light of totality of evidence presented at trial); *Hsu, supra*, 392 A.2d at 977–80 (reviewing sufficiency of an indictment on appeal from final judgment). In short, the Sixth Amendment right to adequate notice is preserved throughout the trial and can be effectively reviewed later; therefore, it does not satisfy the *Cohen* test. We thus dismiss Jones's Sixth Amendment claims of vagueness for lack of jurisdiction.

■ Jones finally claims that the government is estopped from relitigating in Superior Court the charges that it sought and failed to prove in the district court supervised release revocation hearing. This court has not clearly addressed whether collateral estoppel in a criminal case is grounds for interlocutory review under the *Cohen* doctrine. Jones argues that because under *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970), collateral estoppel in a criminal case is grounded in the Fifth Amendment guarantee against double jeopardy, a denial of a motion based upon collateral estoppel must always be heard on interlocutory appeal. *See United States v. Cejas*, 817 F.2d 595, 596 (9th Cir.1987) (noting that collateral estoppel is immediately appealable where based upon double jeopardy); *see also United States v. Dixon*, 509 U.S. 688, ——, —— n. 15 & —— n. 17, 113 S.Ct. 2849, 2860, 2863 n. 15 & 2864 n. 17, 125 L.Ed.2d 556 (1993) (recognizing collateral estoppel protection based on the Double Jeopardy Clause, but noting that it was not before the court); *cf. Abney, supra*, 431 U.S. at 663, 97 S.Ct. at 2042.

■ We disagree. That collateral estoppel in a criminal case has a constitutional dimension arising from the Double Jeopardy Clause does not fully answer the question whether such a claim in this case is appealable on an interlocutory basis. This court has used, and now explicitly endorses, the following rule to determine whether it has jurisdiction to decide interlocutory appeals of collateral estoppel claims: if a defendant claims that at a prior jeopardy-attaching proceeding, a fact was determined in such a manner that, if the determination were adopted in the instant proceeding, the double jeopardy clause would foreclose the prosecution, this court will have jurisdiction to review the question. *See Turner v. United States*, 459 A.2d 1054 (D.C.1983) (reversing on double-jeopardy grounds on appeal before retrial trial court's failure to dismiss a second-degree murder charge as a lesser-included offense · of first-degree, premeditated murder, where the defendant had already obtained an acquittal of an identical second-degree murder charge as a lesser-included offense of felony murder), *additional opinion on reh'g*, 474 A.2d 1293 (D.C.1984); *cf. United States v. Felder*, 548 A.2d 57, 65–69 (D.C.1988) (affirming trial court's dismissal of an indictment where prior jeopardy-attaching proceeding had taken place regarding a different but related offense); *United States v. Jackson*, 528 A.2d 1211, 1221–22 (D.C.1987) (same). However, where a conviction of the charged offense is still possible even if the defendant succeeds on the collateral estoppel claim, collateral estoppel is not grounds for an immediate appeal. *United States v. Head*, 697 F.2d 1200, 1205 (4th Cir.1982) (holding that the fact that grounds for conviction would be narrowed if defendant's collateral estoppel argument succeeded does not implicate the defendant's constitutional right not to be tried twice), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983).[3]

■ Collateral estoppel may preclude a second prosecution—and thus give rise to an

---

**3.** This would occur, for example, where the government sought to relitigate facts developed at a suppression hearing it had already lost in a separate prosecution against the same individual. An order rejecting a collateral estoppel argument that seeks merely to exclude evidence at trial, rather than foreclose a second prosecution, is not an appealable collateral order. *See United States v. Mock*, 604 F.2d 336 (5th Cir.1979) (holding that collateral order review extends only to matters which foreclose the possibility of trial altogether, not to matters that affect course of trial); *see also United States v. Powell*, 632 F.2d 754 (9th Cir.1980) (reviewing interlocutorily claim of collateral estoppel only to determine whether prosecution is barred); *United States v. Lee*, 622 F.2d 787, 791 (5th Cir.1980) (refusing to review on an interlocutory basis district court's denial of motion to suppress evidence of facts resolved against government in prior trial), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981).

interlocutory appeal—even where the second prosecution is not for the "same offense" as defined in *Dixon*, 509 U.S. at ——, 113 S.Ct. at 2860. *Dixon* held that for the purpose of the constitutional protection against being tried twice for the same offense, the "same offense" is identified by the offense's required elements, and not by whether two offenses arose from the same transaction or occurrence. *Id.* at —— – ——, 113 S.Ct. at 2859–64 (rejecting the "same-conduct" double jeopardy analysis adopted in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)). Although *Dixon* purported to narrow the protection previously thought to be afforded by the double jeopardy clause, the majority opinion in *Dixon* explicitly left intact the Supreme Court's earlier decision in *Ashe v. Swenson*, which held that even where a *conviction* at trial would not bar a subsequent trial on a related offense under the double jeopardy clause, "an *acquittal* in the first prosecution might well bar litigation of certain facts essential to the second one." *Dixon*, *supra*, 509 U.S. at —— n. 15, 113 S.Ct. at 2863 n. 15 (emphasis added); *id.* at ——, 113 S.Ct. at 2877 (White, J., concurring in the judgment in part and dissenting in part). However, this type of double jeopardy, which depends upon the defendant having prevailed earlier, still requires that jeopardy have attached in the earlier proceeding if it is to be appealed on an interlocutory basis.

We therefore agree with Jones that *if* he were in actual danger of a double-jeopardy violation because jeopardy had previously attached, *and* a fact determined in the first

proceeding would foreclose the subsequent prosecution, the collateral-order rule would provide us with jurisdiction to hear an interlocutory appeal on the collateral estoppel claim. As we conclude that jeopardy has never attached with respect to the present offenses, and Jones's claim of collateral estoppel therefore cannot derive from the constitutional prohibition on double jeopardy, we dismiss Jones's collateral estoppel claim for lack of jurisdiction.[4]

\*      \*      \*

In conclusion, because this is an interlocutory appeal, this court only has jurisdiction if Jones is in danger of being placed in double jeopardy. *See Coleman v. United States*, 414 A.2d 528, 530 (dismissing "as frivolous" an interlocutory appeal based on the Double Jeopardy Clause where no prior jeopardy had ever attached). In this case, no initial jeopardy attached, and there is therefore no risk of a double jeopardy violation. The court, therefore, has no jurisdiction to reach Jones's claims at this time, and we accordingly dismiss Jones's interlocutory appeal. With respect to the Sixth Amendment vagueness and the collateral estoppel claims, we do so without prejudice to their being raised on direct appeal.

*So ordered.*

---

4. Although this court has previously expressed confidence that the government would appropriately move to dismiss interlocutory appeals that, under *Abney*, *supra*, claim double jeopardy where no prior jeopardy had attached, *Coleman v. United States*, 414 A.2d 528, 530 (D.C.1980), the government in this case has not challenged this court's jurisdiction to hear the collateral estoppel claim.

Instead, the government argues that evidentiary collateral estoppel has no application in the criminal sphere unless it is compelled by the double jeopardy clause. This court has not yet resolved the question whether collateral estoppel applies where there is no claim of double jeopardy, but where the defendant still proposes to meet his burden of showing not only that the fact sought to be excluded was "resolved by final

judgment in a prior legal action," *Laughlin v. United States*, 120 U.S.App.D.C. 93, 95, 344 F.2d 187, 189 (1965) (citing *United States v. Kramer*, 289 F.2d 909, 913 (2nd Cir.1961)), but also that the government had a full and fair opportunity to litigate the issue. *See Smith v. Jenkins*, 562 A.2d 610, 617 (D.C.1989) (naming elements of collateral estoppel in civil action); *Oubre v. District of Columbia Dept. of Employment Serv.*, 630 A.2d 699, 702–03 (D.C.1993) (same in administrative proceeding). *See generally Copening v. United States*, 353 A.2d 305, 309 (D.C.1976).

Because this is an interlocutory appeal, we are concerned at this juncture only with collateral estoppel claims that implicate double jeopardy. Thus, in this appeal, we do not reach the issue of the application in criminal proceedings of evidentiary collateral estoppel.