Alonzo T. BOYKINS, Appellant,

v.

UNITED STATES, Appellee.

No. 02–CO–1454.

District of Columbia Court of Appeals.

Argued Dec. 9, 2003.

Decided Aug. 19, 2004.

---

Donald L. Dworsky for appellant.

Donnell W. Turner, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher and Chad Sarchio, Assistant United States Attorneys, were on the brief, for appellee.

Before RUIZ, GLICKMAN and WASHINGTON, Associate Judges.

GLICKMAN, Associate J.

Appellant Alonzo T. Boykins contends that he received an illegal sentence following his plea of guilty to possession with intent to distribute cocaine in violation of former D.C.Code § 33–541(a)(1).[1] The trial court imposed a sentence of twenty-seven years of imprisonment with five years of supervised release, and suspended all but three months of incarceration and two years of supervised release. The court chose not to impose a period of probation in connection with the suspended portion of Boykins's prison term, based on its view that the United States Parole Commission would be supervising Boykins and could re-incarcerate him if he violated the conditions of his release for up to twenty-six years and nine months, the entire unexecuted portion of his sentence. Boykins contends that his sentence is illegal because only the court can require him to serve his unexecuted "backup" time, and then only through the mechanism of a revocation of probation. Although the trial court rejected this argument, the government concedes that, since the court did not place Boykins on probation, the balance of his prison sentence is a nullity because it cannot be executed under any circumstances, not even if Boykins violates the conditions of his supervised release. The government argues, however, that while the trial court misconstrued the relevant sentencing statutes and imposed a sentence that does not accomplish the court's objectives, the sentence is not for those reasons an illegal one.

■ We agree with the government. It is undisputed that the trial court was authorized to impose a sentence of twenty-seven years' imprisonment plus five years of supervised release for the offense to which Boykins pleaded guilty.[2] By the express terms of D.C.Code § 16–710(a) (2001), the court had the discretionary authority to "suspend the execution of a portion" of its sentence "for such time and upon such terms" as the court deemed appropriate.[3] A term of supervised re-

1. The statute has been recodified as D.C.Code § 48–904.01 (2001).

2. Under D.C.Code § 24–403.01(b–1) (Supp. 2004), the trial court could impose a term of imprisonment not to exceed the statutory maximum term of thirty years (see former D.C.Code § 33–541(a)(2)(A), recodified as D.C.Code § 48–904.01(a)(2)(A) (2001)) less the three year term of imprisonment authorized upon revocation of supervised release (see D.C.Code § 24–403.01(b)(7)(B)), or twen-ty-seven years. Under D.C.Code § 24–403.01(b)(2)(A), the trial court was authorized, and in fact required, to impose a five-year term of supervised release.

3. The first sentence of § 16–710(a) provides that "in criminal cases in the Superior Court of the District of Columbia, the court may, upon conviction, suspend the imposition of sentence or impose sentence and suspend the execution thereof, or impose sentence and suspend the execution of a portion thereof, for

lease constitutes part of a court's "sentence" and thus falls within the ambit of § 16–710(a). *See Jones v. United States,* 669 A.2d 724, 727 (D.C.1995) (noting in case of federal offender that supervised release is part of the sentence because it is designated by the sentencing judge). The trial court therefore was authorized to suspend all but three months of Boykins's incarceration and all but two years of his supervised release. The period of supervised release began "on the day" Boykins's three months of incarceration ended. D.C.Code § 24–403.01(b)(5) ("The term of supervised release commences on the day the offender is released from imprisonment. . . .").

■ In suspending part of Boykins's sentence, the trial court was *not* obligated to impose a period of probation. Section 16–710(a) states that "[i]n each case of the imposition of sentence and the suspension of the execution thereof, or the imposition of sentence and the suspension of the execution of a portion thereof, the court *may* place the defendant on probation under the control and supervision of a probation officer." D.C.Code § 16–710(a) (emphasis added). The word "may" means that whether or not to place a defendant on probation is a matter committed to the court's sentencing discretion. *See Houston v. United States,* 592 A.2d 1066, 1067, 1067 n. 2 (D.C.1991). The trial court acted within its authority, therefore, in declining to include a term of probation in the sentence it imposed on Boykin.

We conclude that Boykins's sentence is a legal one. It is not, however, the sentence that the trial court thought it would be. As the court recognized, an offender on supervised release is "subject to the authority of the United States Parole Commission until completion of the term of supervised release." D.C.Code § 24–403.01(b)(6). If the offender violates the conditions of his release, the Parole Commission may institute a revocation proceeding and return the offender to prison. But the period of imprisonment that the Commission may order following revocation of supervised release is statutorily limited—in the case of Boykins, to a period of "not more than 3 years . . . ." D.C.Code 24–403.01(b)(7)(B).[4] Contrary to what the trial court thought, the Parole Commission does not have the authority, in the event it were to revoke Boykins's supervised release, to require him to serve his entire suspended prison term of twenty-six years and nine months.

■ If the trial court had placed Boykins on probation following his release from his three months of imprisonment, the court itself would have retained oversight over his compliance with the conditions of his probation. In that case, the court would have had the power to "revoke the order of probation and cause the rearrest of the probationer and . . . require him to serve the sentence . . . originally imposed . . . or any lesser sentence." D.C.Code § 24–304(a) (2001). But since the court decided not to impose a term of probation, it has no jurisdiction to require Boykins to serve the unexecuted portion of

such time and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interest of the public and of the defendant would be served thereby."

4. "An offender whose term of supervised release is revoked may be imprisoned for a period of . . . (B) Not more than 3 years, if the

maximum term of imprisonment authorized for the offense is 25 years or more, but less than life and the offense is not specifically designated as a Class A felony. . . ." D.C.Code § 24–403.01(b)(7)(B). Possession with intent to distribute cocaine is not a Class A felony. *See* D.C.Code § 48–904.01.

his prison term, even if Boykins does violate conditions of his release. In effect, Boykins's backup time is, as the parties before us say, a "nullity"; realistically speaking, he received a sentence of three months imprisonment followed by two years of supervised release.[5]

■ Although the trial court predicated its sentence in this case on an erroneous interpretation of the law, the sentence itself was legal and we therefore cannot remand for the court to resentence Boykins so as to make his backup time meaningful. As the government acknowledges, to do that would be to increase Boykins's sentence in violation of the Double Jeopardy Clause. *See Smith v. United States*, 687 A.2d 581, 583 (D.C.1996) (recognizing the "general rule—premised on double jeopardy concerns—that, once a defendant begins serving a sentence, the sentence may not lawfully be increased").

Appellant's sentence is

*Affirmed.*

---

5. We note that the District of Columbia Advisory Commission on Sentencing circulated a July 15, 2002, memorandum to Superior Court Judges, Assistant United States Attorneys, and members of the Defense Bar, in which it addressed the proper way to impose a split sentence, among other "problems regarding the implementation of determinate sentences in the District of Columbia." The Commission's memorandum advises as follows:

Split sentences continue to pose problems in the new regime. A split sentence must have these elements: an imposed prison sentence, an imposed period of supervised release, suspension of some, but not all, of the prison time, suspension of all of the supervised release term, and an imposed period of probation, not to exceed 5 years, to follow release from the unsuspended portion of the prison time.

To impose a legal split sentence, the court should impose the prison sentence it wants the defendant to serve if probation is later revoked and impose the amount of supervised release that it must impose with that prison sentence. Then the court should suspend the amount of prison time it wants to suspend and suspend all the supervised release time. The court should then set an appropriate term of probation. The court must impose a term of supervised release because the law says that *every* felony sentence must be followed by an adequate period of supervised release. The court must suspend the imposed term of supervised release when it is imposing a split sentence because the felony sentence will not be completely served and the supervised release will not begin unless and until probation is revoked and the defendant serves the unsuspended portion of the original prison sentence (or some lesser sentence, if the judge chooses to reduce it upon revocation). If the supervised release were not suspended, it would run concurrently with the probation and the court and the United States Parole Commission would both have jurisdiction in the same case at the same time. If the defendant violated, for example by testing positive for drugs, then anomalous results could occur with the judge deciding not to revoke probation but to order the defendant into an inpatient treatment program and the United States Parole Commission deciding to revoke supervised release and to send the defendant to prison.