William RICHARDSON, Appellant,

v.

UNITED STATES, Appellee.

No. 02–CF–776.

District of Columbia Court of Appeals.

Argued Dec. 9, 2003.

Decided July 12, 2007.

Donald L. Dworsky, for appellant.

David C. Woll, Jr., Assistant United States Attorney, with whom Roscoe C. Howard, United States Attorney at the time the brief was filed, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and John J. Manning, Assistant United States Attorney, were on the brief for appellee.

Before WASHINGTON,* Chief Judge, and RUIZ and GLICKMAN, Associate Judges.

RUIZ, Associate Judge:

This appeal presents us with the task of interpreting the trial court's authority to impose split sentences and supervised release within the context of the determinate sentencing regime adopted by the Council of the District of Columbia in 2000, the Truth in Sentencing Amendment Act of 1998, D.C. Law 12–165, D.C.Code § 24–403.01(2001), pursuant to congressional direction in the National Capital Revitalization and Self Government Improvement Act of 1997. We hold that the law does not permit concurrent terms of probation and supervised release and that, when imposing a split sentence, the trial court must suspend the term of supervised release in its entirety. We therefore remand the case so that the trial court can restructure appellant's sentence in accordance with this opinion.

## I.

## BACKGROUND

After appellant pled guilty to one count of escape in violation of D.C.Code § 22–2601 (2001), the trial court imposed a sentence of three years of incarceration, with all but one year suspended, to be followed by two years of supervised probation, and three years of mandated supervised re-

---

lease, with the periods of probation and supervised release to run concurrently. During the sentencing hearing, appellant asked the trial court to suspend the term of supervised release given that the sentence already included a term of probation. In support of his request, appellant asserted that concurrent terms of probation and supervised release could lead to conflict between the court (which supervises probation) and the U.S. Parole Commission (which supervises D.C. offenders on supervised release pursuant to D.C.Code § 24–403.01(b)(6)).[1] In addition, appellant suggested that if supervised release was not suspended, he could serve more time in prison than the sentencing court intended, because he could be subject to revocation of supervised release by the Parole Commission as well as revocation of probation by the court. The trial court was of the view that it did not have authority to suspend the period of supervised release required by statute, and that probation was not in lieu of the mandatory term of supervised release. As a result, the trial court concluded that pursuant to D.C.Code § 24–403.01(b)(5), it was required to sentence appellant to concurrent terms of supervised release and probation.

## II.

## DISCUSSION

 Because appellant poses a question of statutory interpretation, our review is *de novo*. *See District of Columbia v.*

---

* Judge Washington was an Associate Judge of the court at the time this case was argued. His status changed to Chief Judge on August 6, 2005.

1. D.C.Code § 24–403.01(b)(6) provides that: Offenders on supervised release shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release. The Parole Commission shall have and exercise the same authority as is vested in the United

States District Courts by 18 U.S.C.S. § 3583(d)-(I), except that:
(A) The procedures followed by the Parole Commission in exercising such authority shall be those set forth in Chapter 311 of Title 18 of the United States Code; and
(B) An extension of a term of supervised release under 18 U.S.C.S. § 3583(e)(2) may be ordered only by the court upon motion from the Parole Commission.

*Morrissey,* 668 A.2d 792, 795–96 (D.C. 1995). We begin with the plain language of the statute, *see Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 753 (D.C.1983), but if we find individual sections to be capable of more than one reading, our task is to search for an interpretation that makes sense of the statute and related laws as a whole. *See Carey v. Crane Serv. Co.,* 457 A.2d 1102, 1108 (D.C. 1983). Lastly, we turn to legislative history to ensure that our interpretation is consistent with legislative intent. *See Peoples Drug Stores, Inc.,* 470 A.2d at 754.

*A. The D.C. Truth In Sentencing Act.*

As the question before us concerns application of certain provisions of the D.C. Truth in Sentencing Act, we think it useful to review the process that led to its enactment. In the National Capital Revitalization and Self–Government Improvement Act of 1997 ("Revitalization Act"), Congress established the District of Columbia Truth in Sentencing Commission ("TISC") "as an independent agency of the District of Columbia." Revitalization Act, Pub.L.

No. 105–33, § 11211, 111 Stat. 712, 740–41 (1997).[2] Congress directed TISC to "make recommendations to the District of Columbia Council for amendments to the District of Columbia Code with respect to the sentences to be imposed for all felonies committed on or after [August 5, 2000]." § 11212(a), 111 Stat. at 741. Specifically, Congress mandated that TISC recommendations meet "the truth in sentencing standards of [section] 20104(a)(1) of the Violent Crime Control and Law Enforcement Act of 1994." § 11212(b)(1), 111 Stat. at 741. By doing so, parole was abolished with respect to certain offenses in the District of Columbia,[3] and the D.C. sentencing system that then provided indeterminate sentences with the possibility of parole, had to be converted to a system of determinate sentences with no parole. *See* Revitalization Act, § 11212(b)(2)(C), 111 Stat. 741; D.C.Code § 24–112(b)(1) (referring to 18 U.S.C. § 13704(a)(1)); D.C. Council Report on Bill 12–523 at 3–4. Persons convicted of covered offenses are required to serve no less than 85 percent of any sentence imposed. *See* D.C.Code § 24–

---

**2.** The Commission was chaired by former Superior Court Judge and U.S. Attorney for the District of Columbia, then-Deputy U.S. Attorney General, Eric H. Holder, Jr. It consisted of six other voting members and two *ex officio* non-voting members: Hon. Harold L. Cushenberry, Jr. and Hon. Frederick H. Weisberg, Associate Judges, Superior Court of the District of Columbia; Jack Evans, Chair, Committee on the Judiciary, Council of the District of Columbia; Margaret Quick, Chair, D.C. Board of Parole; Robert L. Wilkins, Esq., Special Litigation Counsel, Public Defender Service; and J. Ramsey Johnson, Esq., Special Counsel to the United States Attorney for the District of Columbia [now a judge of the Superior Court]. The non-voting members of the Commission were: Robert Rigsby, Esq., Deputy Corporation Counsel, Office of the Corporation Counsel [now a judge of the Superior Court], and Thomas R. Kane, Assistant Director, Information, Policy, and Public Affairs Division, Federal Bureau of Prisons.

**3.** The covered offenses are so-called "subsection (h)" offenses, a reference to subsection (h) of section 11212 of the Revitalization Act. These include serious offenses such as (1) arson (D.C.Code § 22–401 (1981)); (2) assault with intent to kill (D.C.Code § 22–501 (1981)); (3) assault with a dangerous weapon (D.C.Code § 22–502 (1981)); (4) aggravated assault (D.C.Code § 22–504.1 (1981)); (5) cruelty to children (D.C.Code § 22–901 (1981)); (6) first-degree murder (D.C.Code § 22–2401 (1981)), and (7) second-degree murder (D.C.Code § 22–2403 (1981)). Escape from a penal institution (D.C.Code § 22–2601 (1981))—the offense to which appellant plead guilty—is also listed in subsection (h). *See* Revitalization Act § 11212(h). The D.C. Truth in Sentencing Act applies to "any felony committed on or after August 5, 2000." D.C.Code § 24–403.01(a).

403.01(d) (referring to 18 U.S.C. § 3624(b)).

In addition, the TISC recommendations had to ensure that, for all felony offenses, "an adequate period of supervision [would] be imposed to follow release from [any] imprisonment." *See* Revitalization Act, § 11212(b)(2)(C), 111 Stat. 741. Offenders were to "be subject to the authority of the United States Parole Commission until the completion of the term of supervised release," *id.* at § 11233(c)(2), 111 Stat. 749, and the Parole Commission was to "have and exercise the same authority as is vested in the United States district courts by" 18 U.S.C. § 3583(d)-(I). In January 1998, TISC submitted its "Formal Recommendations" to the Council of the District of Columbia followed by a "Commentary and Suggestions Report" (March 1998) in which it discussed its recommendations. Consistent with the Revitalization Act, it recommended that all felons receive an adequate period of supervised release following incarceration. Specifically,

TISC recommended that the Council adopt a provision stating that "If an offender is sentenced to imprisonment … the court shall impose an adequate period of supervision to follow release from the imprisonment. . . ." In addition, TISC recommended that the Council create an advisory sentencing commission to review pertinent sentencing data and use it to make further recommendations to the Council for establishing a fair sentencing system. As a result, in 1998 the Council created an Advisory Commission on Sentencing ("Advisory Commission").[4] *See* "Advisory Commission on Sentencing Establishment Act of 1998," D.C. Law 12–167, D.C.Code § 3–101 *et. seq.* (2001). In 1998, the Council also adopted the determinate sentencing system recommended by TISC for felonies committed on or after August 5, 2000, including mandatory terms of supervised release under the U.S. Parole Commission. *See* "The Truth in Sentencing Amendment Act of 1998," D.C. Law 12–165, D.C.Code § 24–403.01.[5]

**4.** The Advisory Commission on Sentencing is composed of 15 voting members and 5 non-voting members which include: three judges of the Superior Court of the District of Columbia; the United States Attorney for the District of Columbia or his or her designee; the Director of the D.C. Public Defender Service or his or her designee; the Attorney General for the District of Columbia or his or her designee; the Director of the District of Columbia Offender Supervision, Defender and Court Services Agency or his or her designee, or, before that agency was certified and assumed its duties, the Pretrial Services, Defense Services, Parole, Adult Probation and Offender Supervision Trustee or his or her designee; two members of the District of Columbia Bar, one of whom specializes in private criminal defense practice; a professional from an established organization devoted to research and analysis of sentencing issues and policies; two citizens of the District of Columbia who are not attorneys; and three professionals from established organizations, to include institutions of higher education,

devoted to the research and analysis of criminal justice issues. The non-voting members of the Commission consist of the Director of the District of Columbia Department of Corrections or his or her designee; the Chief of the Metropolitan Police Department or his or her designee; the Director of the United States Bureau of Prisons or his or her designee; the Chairperson of the United States Parole Commission or his or her designee; and one member of the Council. *See* D.C.Code § 3–102 (2001).

**5.** Congress mandated that the Council act to adopt TISC's recommendations by May 1, 1998; otherwise, the U.S. Attorney General would be authorized, after consultation with TISC, to promulgate amendments to the D.C.Code, to take effect 30 days after the Attorney General transmitted them to Congress. *See* Revitalization Act § 11214, 111 Stat. 744-45. In a January 31, 1998 letter transmitting TISC's Formal Recommendations, Chairman Holder explained that "the

Following the Council's enactment of TISC's recommendations, the Advisory Commission issued a memorandum dated July 15, 2002, to "Judges, Assistant United States Attorneys and members of the Defense Bar," which addresses areas of possible confusion regarding determinate sentencing, including the manner in which split sentences should be imposed under the new sentencing scheme. In defining a "split sentence" the Advisory Commission stated that "[a] split sentence must have these elements: an imposed prison sentence, an imposed period of supervised release, suspension of some, but not all, of the prison time, suspension of all of the supervised release term, and an imposed period of probation, not to exceed 5 years, to follow release from the unsuspended portion of the prison time."

In addition, the Advisory Commission provided a formula for sentencing courts that would allow them to achieve the imposition of an effective split sentence:

> To impose a legal split sentence, the court should impose the prison sentence it wants the defendant to serve if probation is later revoked and impose the amount of supervised release that it must impose with that prison sentence. Then the court should suspend the amount of prison time it wants to suspend and suspend all the supervised release time. The court should then set

an appropriate term of probation. The court must impose a term of supervised release because the law says that *every* felony sentence must be followed by an adequate period of supervised release.

The Advisory Commission explained that judges should suspend the mandated term of supervised release when imposing split sentences because otherwise "anomalous results" could occur if an offender was simultaneously subjected to the supervision of the court and of the U.S. Parole Commission. Specifically, the Advisory Commission stated that "the court must suspend the imposed term of supervised release when it is imposing a split sentence because the felony sentence will not be completely served and the supervised release will not begin unless and until probation is revoked and the defendant serves the unsuspended portion of the original prison sentence...." [6]

### B. Split Sentences and Supervised Release.

Judges of the Superior Court have traditionally imposed "split sentences"—a period of incarceration followed by a period of probation—under D.C.Code § 16–710(a) (2001), which grants the trial court discretionary authority to suspend the imposition or execution of a sentence, or a portion thereof, "for such time and upon such terms" as the court deems appropriate.[7]

---

Commission has attempted to respect home rule." In essence, it did so by consulting with members of the Council and keeping the Formal Recommendations that the Council had to adopt to the core Congressional requirement. Additional suggestions were contained in a separate "Commentary and Suggestions Report" subsequently submitted to the Council for its consideration.

**6.** The Advisory Commission explained that "[s]ome believe that the court can, when splitting a sentence, suspend *imposition* of supervised release and impose the term of su-

pervised release if and when probation is revoked. The majority view is that the term of supervised release must be imposed when the initial sentence is imposed, but that it must be suspended when all or part of the prison sentence is suspended and the defendant is placed on probation." [*Id.*]

**7.** D.C.Code § 16–710(a) provides:

[T]he court may, upon conviction, suspend the imposition of sentence or impose sentence and suspend the execution thereof, or impose sentence and suspend the execution of a portion thereof, for such time and upon

If the court chooses to suspend the sentence, "the court may place the defendant on probation under the control and supervision of a probation officer." D.C.Code § 16–710(a). Under the new determinate sentencing system that went into effect in 2000, in sentencing for covered offenses, a judge is required to impose "a period of supervision" or "supervised release" following a period of "imprisonment or commitment." D.C.Code § 24–403.01(b)(1).[8] Although the new determinate sentencing system mandates the imposition of specified terms of supervised release, and does not revoke the trial court's authority to suspend part of the sentence and place the defendant on probation, it is silent as to how the two objectives are to be accomplished. The question before us is how the statutorily-required period of supervised release is to be imposed when a judge chooses to also impose a period of probation following incarceration (a split sentence).

■ The trial court in this case chose to impose a split sentence.[9] In deciding to impose probation and the newly-required supervised release concurrently in this case, the trial court reasoned that although section 24–403.01(b)(5) states that supervised release "runs concurrently" with probation, parole or supervised release for "another offense," the words "another offense" modified only the phrase "supervised release" and not the term "probation" or "parole."[10] On appeal, the

such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interest of the public and of the defendant would be served thereby. In each case of the imposition of sentence and the suspension of the execution thereof, or the imposition of sentence and the suspension of the execution of a portion thereof, the court may place the defendant on probation under the control and supervision of a probation officer.

8. D.C.Code § 24–403.01(b)(1) provides in pertinent part: "If an offender is sentenced to imprisonment ... the court shall impose a period of supervision ("supervised release") to follow release from imprisonment or commitment."

9. Appellant contends that for purposes of determining the period of supervised release, the sentencing court should be deemed to have imposed a one-year sentence, with two years suspended, rather than a three-year sentence. As a result, appellant asserts, the court imposed the wrong term of supervised release under D.C.Code § 24–403.01(b)(7)(C). We disagree. The offense of escape has a maximum term of five years. *See* D.C.Code § 22–2601(b) (2001). The trial court stated that it was imposing the maximum, and sentenced appellant to three years of incarceration, and suspended execution of the sentence as to all but one year, followed by a term of two years of probation. Under the determinate sentencing system, "[i]f the maximum term of imprisonment authorized for an offense is a term of years, the term of imprisonment or commitment imposed by the court shall not exceed the maximum term of imprisonment authorized for the offense less the maximum term of imprisonment authorized upon revocation of supervised release pursuant to subsection (b)(7) of this section." D.C.Code § 24–403.01(b–1). That subsection provides that "[a]n offender whose term of supervised release is revoked may be imprisoned for a period of: (C) [n]ot more that 2 years, if the maximum term of imprisonment authorized for the offense is 5 years or more but less than 25 years." D.C.Code § 24–403.01(b)(7). In applying the determinate sentencing statute, the court properly subtracted two years from the maximum term of five years and imposed a three-year sentence, with execution of sentence suspended for one year. The trial court did not, as appellant contends, impose a one-year sentence for purposes of calculating the proper term of supervised release.

10. The statute provides that the period of supervised release "runs concurrently with any federal, state, or local term of probation, parole, or supervised release for another offense to which the offender is subject or becomes subject during the term of supervised release." D.C.Code § 24–403.01(b)(5).

government argues that the trial court's interpretation is erroneous given that the word "another offense" refers not only to the words "supervised release," but also to the words "parole" and "probation." We agree and conclude that section 24–403.01(b)(5) does not sanction appellant's sentence because that subsection provides for concurrent imposition of supervised release only when appellant is also subject to probation, parole, or supervised release for an offense *other than* the one giving rise to the current sentence, which, by express congressional mandate, is no longer eligible for parole. As we discuss *infra*, the trial court should have imposed, and then suspended, the term of supervised release.

We recognize that D.C.Code § 24–403.01 does not by its terms expressly grant sentencing courts the authority to suspend the required supervised release terms.[11] That authority must be implied, however, in order to effectuate the court's authority to impose a term of probation pursuant to D.C.Code § 16–710, which was not expressly repealed by Congress in the Revitalization Act, nor by the Council in

the Truth in Sentencing Act. "[R]epeals by implication are not favored." *U.S. Parole Comm'n v. Noble*, 693 A.2d 1084, 1087 (D.C.1997), opinion *adopted in U.S. Parole Comm'n v. Noble*, 711 A.2d 85, 86 (D.C. 1998) (en banc). "In the absence of any express repeal or amendment, [a] later statute is presumed to be in accord with the legislative policy embedded in [a] prior statute [ ] so as to allow the prior and later statutes to be construed together." *Strickland v. United States*, 199 F.3d 1310, 1315 (Fed.Cir.1999) (citation omitted); *see also United States v. Young*, 376 A.2d 809, 813 (D.C.1977) ("In the absence of an express statement of congressional intent, the courts are obligated to permit enforcement of both statutes.") (citation omitted). Implied repeal will only be found where provisions in two statutes are in "irreconcilable conflict," *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 381, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996), or where the latter act covers the whole subject of the earlier one and "is clearly intended as a substitute." *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). Here, there

---

11. Relying on *Jones v. United States*, 669 A.2d 724, 727 (D.C.1995), we noted in *Boykins v. United States*, 856 A.2d 606, 607–08, (D.C. 2004), that the required term of supervised release "constitutes part of the court's 'sentence' and thus falls within the ambit of § 16–710." This was, strictly speaking, dictum, as the issue before the court in *Boykins* was the legality of the sentence that had been imposed, which did not impose probation or suspend the period of supervised release. The court held that the sentence was legal, even though it was the product of the judge's misunderstanding of the law and did not effectuate the judge's intent. Moreover, *Jones* in considering a claim of double jeopardy, referred to 18 U.S.C. § 3583(a), which expressly provides that a U.S. District Court "in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include *as part of the sentence* a requirement that the defendant be placed on a term of

supervised released after imprisonment." (Emphasis added). In addition to the different language in the Federal and D.C. statutes, another difference of significance to the precise issue before us is that U.S. District Court judges—unlike Superior Court judges—do not have authority to impose split sentences. *See* Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, §§ 212(a)(1)-(2), 235(a)(1), 98 Stat. 1987, 2031 (1984); *United States v. Harris*, 237 F.3d 585, 588 (6th Cir. 2001). The sentencing options available to *federal* judges at sentencing are probation, a fine, or a term of incarceration, *see* 18 U.S.C. §§ 3551, –61, –71, –81 (2000), followed by a term of supervised release which, as noted, the statute considers to be "part of the sentence." *Id.* § 3583(a). We therefore discuss in the text our reasons for concluding (as we noted in *Boykins*) that Superior Court judges are authorized to suspend the required term of supervised release.

is no irreconcilable conflict between the provisions of D.C.Code § 24–403.01(b), mandating imposition of supervised release, and D.C.Code § 16–710, authorizing the sentencing judge to suspend part of the sentence and impose probation under court supervision, nor does the imposition of probation dispense with the requirement to impose supervised release (as the trial judge recognized). As we now explain, both provisions can be harmonized consistent with the legislative intent behind D.C.Code § 24–403.01(b).

■ As the Advisory Commission noted, suspension of supervised release when a split sentence is imposed preserves a goal of the new sentencing scheme to provide post-incarceration supervision because a defendant will in all cases be subject to a "period of supervision to follow release from imprisonment," Revitalization Act § 11212(b)(2)(C), 111 Stat. at 741,[12] but without incurring the risk of conflicting supervisory authorities.[13] In the context of a split sentence, supervised release and probation both occur after incarceration and provide "supervision after release," *United States v. Reyes*, 48 F.3d 435, 438 (9th Cir.1995), and, except for the different supervising authority, they are in other ways "functional[ly] equivalent." *Jones*, 669 A.2d at 727 (noting that a "supervised release revocation hearing is the functional equivalent of a probation or parole revocation hearing" with similar evidentiary rules, guidelines and standards of proof). For example, in this case, the court sentenced appellant to three years of incarceration, and suspended two years in favor of probation, with a concurrent term of three years of supervised release. Following the

12. Congress required that an "adequate period of supervision" be imposed "to follow release from the imprisonment." Revitalization Act § 11212(b)(2)(C), 111 Stat. at 741. The determination of what is an "adequate" period was left for the TISC to recommend and the Council to adopt. The Council prescribed mandatory terms of supervised release, based on the maximum penalty authorized for the offense:

(2) If the court imposes a sentence of more than one year, the court shall impose a term of supervised release of:

(A) Five years, if the maximum term of imprisonment authorized for the offense is 25 years or more; or

(B) Three years, if the maximum term of imprisonment authorized for the offense is more than one year, but less than 25 years.

(3) If the court imposes a sentence of one year or less, the court shall impose a term of supervised release of:

(A) Not more than 5 years, if the maximum term of imprisonment authorized for the offense is 25 years or more; or

(B) Not more than 3 years, if the maximum term of imprisonment authorized for the offense is more than one year, but less than 25 years.

(4) In the case of a person sentenced for an offense for which registration is required by the Chapter 40 of Title 22, the court may, in its discretion, impose a longer term of supervised release than that required or authorized by paragraph (2) or (3) of this subsection, of:

(A) Not more than 10 years; or

(B) Not more than life if the person is required to register for life.

D.C.Code § 24–403.01(b)(2)–(4).

13. The Court Supervision and Offender Services agency ("CSOSA") is in charge of day-to-day monitoring during probation on behalf of the Superior Court, as well as during supervised release on behalf of the U.S. Parole Commission. *See* 28 CFR § 800.3(a). The setting of initial conditions of probation (or supervised release), the modification of those conditions, early discharge from probation (or supervised release), issuance of a warrant or summons for violation of the conditions of probation (or supervised release) and revocation remain, however, within the discretion of the court, in the case of probation, *see* D.C.Code § 16–710(a); and the U.S. Parole Commission, in the case of supervised release. *See* D.C.Code § 24–403.01(b)(6) (2006 Supp.) (except that extension of term of supervised release "may be ordered by the court only upon motion from the Parole Commission").

one year in prison, appellant would be subject to two different supervisory authorities—by the court during two years of probation and by the U.S. Parole Commission during the three years of supervised release—with the possibility of conflicting determinations concerning modification or revocation of the probation/supervised release. Had the sentencing court suspended the three-year supervised release term during the pendency of probation, appellant would serve one year of incarceration, followed by "a period of supervision," D.C.Code § 24–403.01(b)(1),—in this case, probation—of two years exclusively under court supervision. If appellant successfully completes the probationary term, the suspended period of supervised release never takes effect because, by definition, it must follow "release from imprisonment or commitment." *Id.* Consistent with the statutory mandate that "the term of supervised release *commences on the day* the offender is released from imprisonment," D.C.Code § 24–403.01(b)(5) (emphasis added), if the court decides to execute the remainder (or any part) of the suspended sentence where an offender violates the conditions of probation, the term of supervised release would take immediate effect upon "release from imprisonment."[14] At that time, appellant would no longer be under court supervision, but subject solely to supervision by the U.S. Parole Commission, which could under its rules, revoke appellant's supervised release and impose a further term of imprisonment pursuant to the statute. *See* D.C.Code § 24–403.01(b)(7).

In sum, we agree that the recommendations of the Advisory Commission on Sentencing provide a sound application of the pertinent statutes, that give effect to the language and purpose of D.C.Code § 24–403.01(b) with respect to supervised release, while maintaining the longstanding authority of Superior Court judges to impose split sentences under D.C.Code § 16–710, while avoiding possible conflicts with concurrent supervisory authority by the court and the U.S. Parole Commission. We vacate the imposition of concurrent terms of probation and supervised release and remand the case to the sentencing court for reimposition of appellant's sentence in accordance with this opinion.

*So ordered.*

---

**14.** Because the commencement of supervised release must be immediately preceded by incarceration, the term of supervised release must be suspended *in toto*, not just "credited" with time spent on probation; otherwise, if it were to be suspended only to the extent of a shorter probationary period and with the remainder to take effect after probation is successfully completed, the remaining term of supervised release would not, as Congress intended, "follow release from the imprisonment," Revitalization Act § 11212(b)(2)(C), 111 Stat. at 741, or as the Council provided, "commence[ ] on the day" the offender is released from incarceration. D.C.Code § 24–403.01(b)(5).